UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SHARIEFF CARSON,

                        Plaintiff,                   **ORDER**
                                                                      16-cv-4206 (LDH) (RLM)
                -against-

TEAM BROWN CONSULTING, INC.,

                        Defendant.
-------------------------------------------------------------------x
LASHANN DEARCY HALL, United States District Judge:

       Plaintiff Sharieff Carson brings this action against Defendant Team Brown Consulting, Inc., alleging, on behalf of himself and others similarly situated, violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law.

## BACKGROUND

       On October 13, 2016, Defendant filed a notice of settlement. (*See* Notice of Settlement, ECF No. 8.) On October 21, 2016, the Court directed the parties to file papers sufficient to allow a review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), or an executed Section 636 form consenting to magistrate judge jurisdiction, after which the magistrate judge would schedule a "*Cheeks* hearing." (*See* Oct. 21, 2016 Electronic Order.) On November 3, 2016, Defendant filed a motion for an extension of time for the parties to file their settlement agreement and stipulation of dismissal. (*See* Def.'s Mot. for Extension, ECF No. 10.) Therein, Defendant informed the Court that "[t]he terms of the settlement [would] be directly impacted regarding whether *Cheeks* approval is necessary" and inquired as to whether *Cheeks* approval would be required if the complaint were dismissed or withdrawn without prejudice. (*See id.*) In response to Defendant's motion, on November 4, 2016, Chief Magistrate Judge Mann held a telephonic conference. (*See* Nov. 4, 2016 Min. Entry, ECF No. 11; Tr. Nov. 4, 2016

Proceedings ("Tr.") 2:2-17, ECF No. 15.) Following the conference, Plaintiff's counsel wrote to the Court also requesting an extension of time to file the parties' settlement agreement and stipulation of dismissal and seeking clarification as to whether *Cheeks* approval would be required if the action were discontinued without prejudice. (*See* Pl.'s Letter Response to Order and Request for Extension, ECF No. 12.)

At the request of this Court, on November 23, 2016, Magistrate Judge Mann issued a report and recommendation, wherein she recommended that a *Cheeks* hearing be required and that the parties' request for additional time to submit *Cheeks* materials be granted. (*See* R. & R., ECF No. 13.) Two days later, Plaintiff's counsel filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure ("FRCP"). (*See* Pl.'s Notice of Voluntary Dismissal, ECF No. 14.) Plaintiff's counsel filed a timely objection to the report and recommendation on December 12, 2016. (*See* Pl.'s Obj., ECF No. 16.) Defendant filed no objection. When a timely objection has been made to any portion of a report and recommendation on a dispositive matter, the District Court reviews the report and recommendation *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Upon review, the Court hereby adopts the report and recommendation with respect to the parties' request for clarification as to whether *Cheeks* review is required.

## DISCUSSION

In *Cheeks*, the Second Circuit held that, absent judicial approval, litigants may not settle FLSA claims through a private stipulated dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii). *See* 796 F.3d at 200 (affirming judgment of district court and remanding for judicial review of settlement agreement). *Cheeks* expressly left open, however, whether judicial approval is required for FLSA settlements effected by stipulation without prejudice pursuant to

2

Rule 41(a)(1)(A).  *See id.* at 201 n.2.[1]  Plaintiff's counsel correctly notes that courts in this district have approved dismissals without prejudice in FLSA cases absent *Cheeks* review.  (*See* Pl.'s Obj. 11 (collecting cases)).  Likewise, other courts in this district have conducted *Cheeks* reviews of such dismissals without objection from the parties.  The propriety of mandating judicial review is far from settled and will ultimately be resolved by the Second Circuit.  Until such time, the district court must be guided, first and foremost, by the policy considerations underlying *Cheeks*.  In view of those policy considerations, this Court concludes that judicial review and approval should be required in this case.

"[T]he Supreme Court and [the Second Circuit] have long recognized . . . [that] the FLSA's underlying purpose[] [is] 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'"  *Cheeks*, 796 F.3d at 206 (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).  To that end, the Supreme Court has "consistently . . . interpreted the [FLSA] liberally and afforded its protections exceptionally broad coverage."  *Id.* (quoting *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir. 2008)).  Against that backdrop, the *Cheeks* court crafted a holding that was explicitly driven by the "unique policy considerations underlying the FLSA."  *Id.*  Of particular concern to the court was the "potential for abuse" in FLSA settlements, as exemplified by, *inter alia*, "overbroad release[s] that would waive practically any possible claim against the defendants" and outsized attorneys' fees provisions, some setting fees for plaintiffs' attorneys at "between 40 and 43.6 percent of the total settlement payment without adequate documentation to support such a fee award."  *See id.* (internal quotation marks omitted) (citing *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 173, 177, 181 (S.D.N.Y. 2015)).

---

[1] The *Cheeks* court also did not address FLSA settlements like the one in this case, which are effected by *notice* of dismissal pursuant to Rule 41(a)(1)(A)(i).

The parties in this case have largely disclosed the terms of the proposed settlement at issue. (*See* Tr. 8:6-17, 9:2-10:11.) As an exception, the parties "declined to fully illuminate" the terms regarding the potential release and Plaintiff's counsel's fee award.[2] (R. & R. 8; *see* Tr. 3:6-4:20, 8:18-22, 12:19-25.) The parties have telegraphed, however, that at least one of the principal concerns raised by the *Cheeks* court is present in this case: an overbroad release provision. At the conference before Magistrate Judge Mann, the parties indicated that in exchange for voluntary dismissal of the case without prejudice, Plaintiff may release generally all possible claims against Defendants. (*See* R. & R. 8; Tr. 3:6-4:20, 5:18-23.) Tellingly, Plaintiff's counsel indicated that, were the release provision subject to judicial scrutiny, the parties would likely narrow its terms. (*See* Tr. 5:18-23.) To put it differently, absent judicial scrutiny, an overboard release potentially of the sort decried by the court in *Cheeks* would remain in this settlement agreement. The Court cannot abide by such an outcome.

Plaintiff's counsel maintains that the Court need not be concerned with this potentiality because the release could later be deemed unenforceable as a matter of law. (*See* Pl.'s Obj. 9-10.) The Court does not derive comfort from that possibility. In pressing his point, Plaintiff's counsel contends that the court in *Cheeks* held that "a settlement agreement and release not approved by the court is not enforceable under the FLSA." (*Id.*) The court in *Cheeks* arrived at no such holding. Instead, the *Cheeks* court looked for guidance to early Supreme Court decisions and other circuit decisions that arose in the context of whether a private FLSA

---

[2] Plaintiff's counsel maintains that the parties' seeming reticence to fully disclose the terms of the settlement agreement stemmed only from the posture of the settlement discussions and a lack of notice regarding the November 4, 2016 conference, as opposed to a reluctance to put the terms of the settlement in full view of the Court. (*See* Pl.'s Obj. 12.) Even assuming this to be the case, as discussed below, the parties concede that the settlement would include an overly broad release provision—or, at least, a release provision so broad that it would be narrowed if put before the Court for review. (*See* Tr. 5:18-24.)

4

settlement is enforceable. *See* 796 F.3d at 202-04.[3] The *Cheeks* court then made clear that, while useful, those cases did not speak directly to the issue before the court, namely, "whether the parties can enter into a private stipulated dismissal of FLSA claims with prejudice, without the involvement of the district court or [U.S. Department of Labor ("DOL")], that may later be enforceable." *Id.* at 204. Even if the *Cheeks* decision could be read as urged by Plaintiff's counsel, the *Cheeks* court was not dissuaded from finding—as the Court does here—that judicial review of the settlement was nonetheless warranted.

In any event, as Magistrate Judge Mann ably noted, the realities of FLSA litigation must be taken into account when assessing whether judicial scrutiny is advised in the settlement of any FLSA matter, particularly where a potentially overbroad release is implicated. The typical FLSA plaintiff may be unaware of his ability to challenge the enforceability of a release. (*See* R. & R. 9.) And, even if he did, the Court questions whether he would be able to secure representation to take on a suit that "from the outset poses an additional obstacle to recovery in the form of an ambiguously enforceable settlement agreement." (*Id.*) Moreover, even assuming a plaintiff could overcome the release provision, he might be precluded from prosecuting an action, in any event, as the statute of limitations may have run since the commencement of the initial action. This outcome is not remote given the fairly short two-year statute of limitations that governs

---

[3] Notably, the decisions discussed in *Cheeks* arrived at varied holdings on this issue. In *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), the Supreme Court held that in the absence of a genuine dispute as to liability, employees could not waive their rights to recover liquidated damages in a private FLSA settlement. *See* 324 U.S. at 704. One year later, in *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946), the Court barred enforcement of private settlements of bona fide disputes where the dispute centered on whether or not the employer is covered by the FLSA. *See* 328 U.S. at 114. As the *Cheeks* court observed, these early cases "leave open the question of whether employees can enforce private settlements of FLSA claims where there is a bona fide dispute as to liability, i.e., the number of hours worked or the amount of compensation due." 796 F.3d at 203. Later, the Eleventh Circuit, in *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), decided that employees could do so, but only if the U.S. Department of Labor ("DOL") or a district court determines that the proposed settlement is "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355. The Fifth Circuit, however, in *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012), concluded that a private settlement agreement containing a release of FLSA claims waived employees' claims even without district court approval or DOL supervision. *See* 688 F.3d at 253-57.

5

most FLSA claims.[4]  *See* 29 U.S.C. § 255(a); *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 356 (E.D.N.Y. 2015).

This Court is not the first to recognize the potential preclusive effect of a dismissal without prejudice when coupled with the statute of limitations.  Courts have cast dismissals without prejudice as de facto dismissals with prejudice in at least two other contexts: Rule 4(m) dismissals for failure to execute service in a timely manner and dismissals for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA").  In the Rule 4(m) context, the court in *Phillip v. City of N.Y.*, No. 09-CV-442, 2012 WL 1598082 (E.D.N.Y. May 7, 2012), observed that although a dismissal under Rule 4(m) is by definition without prejudice to refiling, the plaintiff would not have been able to revive his claim because the statute of limitations had expired.  *See* 2012 WL 1598082, at *3.  The court cautioned, "Where dismissal without prejudice would constitute a de facto dismissal with prejudice, the court must carefully consider the impact such an action will have on the parties."  *Id.* (citing *Harper v. City of New York*, No. 09-CV-5571, 2010 WL 4788016, at *9 (E.D.N.Y. Nov. 17, 2010)); *see also AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 109-10 (S.D.N.Y. 2000) (observing that where the statute of limitations has run, Rule 4(m) "dismissal . . . would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits").  Similarly, in the context of a dismissal in a PLRA matter, the court in *McCoy v. Goord*, 255 F. Supp. 2d 233 (S.D.N.Y. 2003), observed that, although failure to exhaust administrative remedies typically precludes only the current suit, "a dismissal without prejudice is tantamount to a dismissal with prejudice if the statute of limitations has expired, or is likely to expire before re-filing."  255 F. Supp. 2d at 252.  Given

---

[4] For causes of action "arising out of a willful violation," the FLSA provides for a longer, three-year statute of limitations period.  *See* 29 U.S.C. § 255(a).

6

that "the FLSA is a uniquely protective statute," *Cheeks*, 796 F.3d at 207, due consideration to the interplay between dismissals without prejudice and the FLSA's statute of limitations is all the more appropriate here.

Next, although the attorney's fee provision in this case is not as obviously troubling, judicial scrutiny of that provision, too, would further the remedial objectives of *Cheeks*. Plaintiff's counsel has informed the Court that he will collect a not insignificant attorney's fee award: one-third of the proposed settlement sum. (*See* Tr. 8:6-22, 12:19-25.) Though this fee arrangement is not uncommon, were the arrangement subject to scrutiny, the Court might consider that no substantive litigation took place in this case beyond the filing of a fifteen-page complaint and settlement negotiations that occurred at an unknown frequency, but for no more than two months, before the notice of settlement was filed. (*See* R. & R. 9.) Although the court in *Cheeks* highlighted its concern with fee awards specifically in the range of 40% to 43.6%, it did not find that fees below 40% could not implicate its policy concerns. *See* 796 F.3d at 206. Certainly, one could imagine a scenario in which a one-third fee award might be found to be abusive—where counsel did little more than, say, file a rudimentary complaint and manage service of process. Conversely, a one-third fee award (or higher) might be justified where the case involved a certain degree of legal complexity or protracted litigation. Indeed, as noted by Plaintiff's counsel, Magistrate Judge Mann herself has awarded, and even recommended, a one-third contingency fee in a number of cases. (*See* Pl.'s Obj. 13-14.) Where this has occurred, Magistrate Judge Mann was presumably guided by "adequate documentation" supporting the fee arrangement, as urged by the court in *Cheeks*. *See* 796 F.3d at 206. Without the opportunity for *Cheeks* review, the Court cannot determine whether such adequate documentation exists to support Plaintiff's counsel's fee award here.

It should not go without mention that Plaintiff's counsel's decision to file a Rule 41(a)(1)(A)(i) notice of voluntary dismissal without prejudice after the issuance of Magistrate Judge Mann's report and recommendation also raises some concern. This is particularly so in light of the parties' admission that judicial scrutiny would "directly impact[]" the terms of the settlement. (*See* Def.'s Mot. Extension.) Notices of dismissal without prejudice should not be used in FLSA cases as a mechanism to effect an end-run around the policy concerns articulated in *Cheeks*. It appears to the Court that Plaintiff's counsel made the strategic decision to do just that.

The lion's share of the remaining arguments in objection are tautological. Plaintiff's counsel argues in one manner or another that the Court should sustain his objection because *Cheeks* does not mandate judicial review when a case is dismissed without prejudice. (*See* Pl.'s Obj. 5-6, 8, 18.) Going one step further, he maintains that the *Cheeks* court even signaled that it would not require judicial review in such cases were the issue before it. (*See id.* at 5-6.) Plaintiff's counsel takes this position notwithstanding the fact that the court in *Cheeks* expressly "[left] for another day" the question of whether judicial approval is required for FLSA settlements effected by Rule 41(a)(1)(A) stipulations without prejudice. *See* 796 F. 3d at 201 n.2. Plaintiff's counsel reaches his conclusion only by appealing to his role as the attorney who argued on behalf of the plaintiff in *Cheeks*. According to Plaintiff's counsel, at oral argument, "the Second Circuit panel seemed inclined not to require court approval even where dismissal was with prejudice." (Pl.'s Obj. 6.) Plaintiff's counsel attempts to buttress his argument with a misplaced reliance on the DOL's amicus curiae submission in the *Cheeks* case. He baselessly claims that the *Cheeks* court "adopt[ed] the reasoning" of the DOL's submission. (*See id.* at 5.) First, nowhere in the *Cheeks* decision does the court indicate that it adopted any aspect of the

8

DOL's reasoning. Second, Plaintiff's counsel completely misstates the DOL's position. According to Plaintiff's counsel, the DOL implied in its submission that "a dismissal without prejudice has no . . . preclusive effect and is not a waiver of claims." (Pl.'s Obj. 6). The DOL did no such thing. In fact, the DOL explicitly stated, "This brief does not address a Rule 41(a)(1) stipulation of dismissal *without prejudice*, an issue that is not present in this case and that would raise separate legal questions." Brief for U.S. Dep't Labor as Amicus Curiae at 1 n.1, *Cheeks*, No. 14-299 (2d Cir. Mar. 27, 2015). Apparently, the DOL, too, left this issue for another day.[5]

Finally, nothing in the text of Rule 41 convinces the Court that its holding here is anything other than consistent with the Rule's plain reading. Rule 41 provides, in relevant part:

> Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> > (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> >
> > (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

Invoking the "unique policy considerations underlying the FLSA," the *Cheeks* court held that the FLSA fell within Rule 41's "applicable federal statute" exception, such that it could limit a plaintiff's otherwise peremptory ability to dismiss an action without a court order. *See* 796 F.3d at 206. As Magistrate Judge Mann observed, the phrase "any applicable federal statute"— the textual linchpin for the *Cheeks* decision—modifies both subparts (i) and (ii) of the Rule. (*See* R. & R. 7.) *See also Martinez v. Ivy League Sch., Inc.*, No. 15-CV-7238, 2016 WL 3582062, at

---

[5] The Court deems it unnecessary to address Plaintiff's counsel's argument that requiring judicial review of Rule 41(a)(1)(A) dismissals without prejudice constitutes a "threat to judicial efficiency and integrity." (Pl.'s Obj. 17.) Magistrate Judge Mann's report and recommendation already makes clear the absurdity of Plaintiff's counsel's position. (*See* R. & R. 10.)

9

\*3 (E.D.N.Y. June 28, 2016) ("Tellingly, the language relied on by the *Cheeks* Court, *viz.* 'any applicable federal statute,' precedes both subsections of Rule 41(a)(1)(A)."). Plaintiff's counsel has not provided the Court with any textual basis to conclude that the FLSA constitutes an "applicable federal statute" as to subpart (ii), but not subpart (i)—and the Court finds none.

For the same reason, Plaintiff's counsel's jurisdictional argument is unavailing. Plaintiff's counsel correctly points out that "a notice of voluntary dismissal without prejudice, pursuant to FRCP Rule 41(a)(1)(A)(i), is a jurisdictional event that divests the court of jurisdiction or authority to act further . . . ." (Pl.'s Obj. 4.) Plaintiff's counsel also rightly notes that a plaintiff typically need not seek permission from the defendant or the court in order to effectuate such a dismissal. (*See id.* at 7-8 (citing *A.B. Dick Co. v. Marr*, 197 F.2d 498, 501 (2d Cir. 1952).) Plaintiff's counsel goes too far, however, in asserting that for this reason the Court cannot require judicial review. (*See id.* at 8.) The right to utilize Rule 41(a)(1)(A)'s jurisdiction-terminating dismissal is not at all times unfettered. Instead, it is constrained, as discussed above, where an "applicable federal statute" applies.

## CONCLUSION

For the foregoing reasons, this Court adopts the Magistrate Judge Mann's November 23, 2016 report and recommendation with respect to the parties' request for clarification as to whether *Cheeks* review is required. The request for an extension of time to file the settlement agreement and stipulation of dismissal is denied as moot. On or before October 6, 2017, the

parties are directed to file papers sufficient to allow a *Cheeks* review of their proposed settlement agreement or an executed Section 636 consent form, after which Magistrate Judge Mann will schedule a telephonic *Cheeks* hearing.

Dated: September 30, 2017
      Brooklyn, New York

SO ORDERED:

/s/LDH
LASHANN DEARCY HALL
United States District Judge