# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~

**Abdul K. Hassan, Esq.**                                                                                      Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                             Fax: 718-740-2000
*Employment and Labor Lawyer*                                                          Web: www.abdulhassan.com

**October 26, 2017**

**Via ECF**

Hon. Roanne L. Mann, Chief USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
Tel: 718- 613-2350
Fax: 718-613-2355

<u>**Re: Sharieff Carson v. Team Brown Consulting, Inc.**</u>
           **Case No.  16-cv-04206 (LDH)(RLM)**
           **Motion for Settlement Approval**

Dear Chief Magistrate-Judge Mann:

      My firm represents plaintiff Sharieff Carson ("Plaintiff" or "Carson") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as directed by the Court. Team Brown Consulting, Inc. ("Defendant"), and Plaintiff, both join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the settlement agreement.

      Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL, and to recover penalties for violation of the wage statement and wage notice violations of the NYLL.

      Plaintiff was employed by Defendant from June 2014 to on or about July 22, 2016 – about 104 weeks (Complaint - ECF No. 1 ¶ 12). Plaintiff alleged that he worked approximately 42-56 hours a week, and was paid at a rate of $11-$13 per hour (ECF No. 1 ¶ 22-23) and at a rate of $9.00 for his overtime hours.  In general, allegations are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. The parties exchanged information while trying to resolve the case.

Even though Defendant disputes the claims made by Plaintiff, based on the allegations in the complaint, Plaintiff would be owed unpaid overtime wages of approximately $9.00/hr. x 9hrs/wk x 104wks = $8,424. If a jury is convinced that Defendant did not act in good faith, Plaintiff could also receive liquidated damages.

The gross settlement amount is $40,000, inclusive of fees and costs payable in two installments. (See Ex. 1, ¶ 2). Under the settlement, Plaintiff will be receiving $26,360 after a 1/3 contingency fee and costs. (See Ex. 1 ¶ 2). This amount to Plaintiff can reasonably be viewed as covering the overtime he is claiming plus maximum liquidated damages. Any remaining amount can be viewed as covering other claims such as alleged wage statement and wage notice claims – claims that are not covered by the FLSA and which Defendant denies.  Under the settlement agreement, Plaintiff's counsel is receiving reimbursement of Four Hundred and Sixty Dollars ($460) in filing ($400) and service costs ($60), plus a 1/3 contingency fee of Thirteen Thousand, One Hundred and Eighty Dollars ($13,180) (Ex. 1 ¶ 2)[1]. Notably, the fees do not reduce the amount of FLSA-protected wages and liquidated damages.

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-04058 (approving 1/3 fee of $27,000); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY)(1/3 fee of $10,648); *Velez v. Lusardi Ltd. et al*, 16-CV-5675, ECF Nos. 41-43, (Magistrate-Judge Smith – SDNY)(1/3 fee of $11,000); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case – even if we use a lower hourly rate of $450/hr.

2

of 10/24/2016 (AJP - SDNY) (approving $4000 in damages and $55,000 in fees and costs under *Cheeks*); *Bernard v. QPH Plumbing & Heating Inc.* 16-cv-4716, ECF No. 17 (ST - EDNY) (approving $2000 in damages and $9,000 in legal fees and costs under *Cheeks*); *Woods v. START*, ECF # 47, 13-cv- 4719 (SMG) (approving $15,000 in damages and $14,000 in fees under *Cheeks*); *Roberson v. Everybody's Place – L.I.C, Inc.*, 15-cv-04244, ECF # 18, (SMG)(approving $7,400 in damages and $9,150 in fees and costs under *Cheeks*); *Lopez v. 1710 Montgomery Realty Assoc., L.P. et al*, Case No.16-cv-06038, ECF No. 34 (Judge Gorenstein)(hourly fee of $15,000); *Cajamarca v. Sound Marine Construction & Salvage, Inc.et al*, 15- cv-6667, ECF No. 23, 25 (LTS - SDNY)(hourly fee of $20,000); *Boodhoo v. Jet Way Security & Investigation LLC* 15-CV-1733- CBA-(RER – EDNY)(hourly fee of $15,000).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive nothing. Second, there is an absence of complete and accurate contemporaneous time and wage records. Third, the settlement amount is not trivial – the amount Plaintiff is due to receive under the settlement, exceeds the amount of FLSA-protected wages Plaintiff claims. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the tremendous financial and non-financial costs/harms of litigation.

Therefore, it is kindly requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:     Defense Counsel via ECF**