# SETTLEMENT AGREEMENT AND RELEASE

Team Brown Consulting, Inc. ("Defendant") and Sharieff Carson, ("Carson"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a.  "Plaintiff" shall be defined to include, but is not limited to, Sharieff Carson, and all affiliated persons or entities, including, but not limited to, his present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Mr. Carson personally, he will be referred to as "Mr. Carson."

    b.  Plaintiff Carson was employed by Defendant Team Brown Consulting, Inc., for about two years ending on or about July 25, 2016.

    c.  "Defendant" shall be defined as Team Brown Consulting, Inc. (including officers, directors, agents, employees, stockholders, representatives including Edward Brown).

    d.  "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on July 28, 2016, in the United States District Court, Eastern District of New York, with Civil Action #: 16-CV-04206 (LDH)(RLM).

2. **Consideration**. In consideration for Mr. Carson's signing this Agreement and the releases of all claims herein, Defendant Team Brown Consulting, Inc., agrees to make the following payments:

    a.  Two payments to "Sharieff Carson" in the amount of Four Thousand and Five Hundred Dollars ($4,500), less applicable taxes and withholding to be reported on an IRS W-4 form. The first payment shall be made on November 30, 2017 and the second payment on January 3, 2018, subject to the Court's approval of this settlement agreement; SC

    b.  Two payments to "Sharieff Carson" in the amount of Eighht Thousand Six Hundred and Eighty Dollars ($8,680), representing liquidated and other damages, to be reported on an IRS 1099-MISC (Box 3). The first payment shall be made on November 30, 2017 and the second payment on January 3, 2018, subject to the Court's approval of this settlement agreement; SC

    c.  Two checks made payable to "Abdul Hassan Law Group, PLLC," each in the amount of Six Thousand Eight Hundred and Twenty Dollars ($6,820), representing a 1/3 contingency fee (total of $13,180), after reimbursement for costs ($460) to be reported on an IRS 1099-MISC (Box 14). The first payment shall be made on November 30, 2017 and the second payment on January 3, 2018, subject to the Court's approval of this settlement agreement; SC

    d.  The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue,

1

Queens Village, NY 11427. Plaintiff's Counsel shall hold the settlement payments until the seven-day revocation period has expired. Defendant shall send the payments as set forth above on the date which such payments are due to Plaintiff's counsel who will hold such payments in escrow and distribute them only upon the Court's approval of this settlement agreement.

    e.  If there is a default in making the payments herein, Plaintiff and his Counsel Abdul Hassan Law Group, PLLC ("AHLG") will give Defendant Team Brown Consulting, Inc. and Mr. Brown, written notice of said default, by sending a notice of default to Defendant's attorneys Mr. Stewart L. Karlin, Esq. slk@stewartkarlin.com and by overnight mail to Stewart Lee Karlin Law Group PC, 111 John Street, 22nd Floor, New York, NY 10038. Defendant will have ten (10) days from receipt of such notice to cure the default. If Defendant Team Brown Consulting, Inc., does not cure the default within ten (10) days of the notice, Plaintiff shall have the right to apply for a judgment against Defendant Team Brown Consulting, Inc. and Mr. Brown individually and/or jointly, in the amount of Fifty Thousand Dollars ($50,000), less any monies paid by Defendant, plus legal fees and costs incurred by Plaintiff in connection with any such default by Defendant, and the Court shall retain and have authority and jurisdiction to enter such judgment in favor of Plaintiff and/or his counsel.

    3.  **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

    4.  **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all claims with prejudice, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as of the date of execution of this Agreement.

    5.  **Acknowledgments and Affirmations**.

      a.  Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement.

    6.  **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement.

    7.  **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Carson was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**SHARIEFF CARSON**

By: *[signature]*

**DEFENDANT:**

**TEAM BROWN CONSULTING, INC.**

By: _____

Date: _10-18-2017_                              Print Name _____

                                                                 Title _____

                                                                Date: _____

Case 1:16-cv-04206-RLM Document 24-1 Filed 10/26/17 Page 4 of 6 PageID #: 123

8. **Resolution of Disputes.** The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

11. **Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees.** Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Mr. Carson was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

PLAINTIFF:

SHARIEFF CARSON

By:_____

DEFENDANT:

TEAM BROWN CONSULTING, INC.

By: _____

3

Date: _____

Print Name __Ed Brown__
Title __President__
Date: __10/19/17__

4